## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4225 | **DATE** | October 19, 2010 |
| **CASE TITLE** | Darden vs. Ingalls Memorial Hospital et al | | |

**DOCKET ENTRY TEXT**

Defendants Ardurovich and Freese's motion (Doc [13]) to dismiss plaintiff's claims against them is granted. Status hearing as to defendant Ingalls Memorial Hospital set for 10/27/2010 at 9:30 a.m. to stand.

■[ For further details see text below.]

Docketing to mail notices.

---

## ORDER

This case comes before the court on the motion of Defendants Jennifer Ardurovich ("Ardurovich") and Katie Freese ("Freese") to dismiss all claims against them for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

According to the allegations of the complaint which we accept as true for purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), Plaintiff Naomi Darden ("Darden") began working as a food services employee at Ingalls Memorial Hospital in September 1992. While working at Ingalls, Darden alleges that she was subjected to different terms and conditions of employment including particularly severe scrutiny of her work performance and attendance. Darden was terminated on April 16, 2010. On July 7, 2010, Darden filed suit against Ingalls Memorial Hospital and her supervisors Ardurovich and Freese. In her complaint, Darden asserts claims against Ardurovich and Freese in their individual capacities under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans With Disabilities Act ("ADA"). Both women now move for dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6).

# ORDER

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order for a claim to survive a motion to dismiss, the plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim should not be dismissed "unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006).

Ardurovich and Freese ask us to dismiss all claims against them because none of the statutes under which Darden sued allow for individual liability. The Seventh Circuit has held that a plaintiff cannot maintain a claim alleging discrimination against a person in their individual capacity under Title VII. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Additionally, the Seventh Circuit reached a similar conclusion with respect to the ADA, *EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1279-82 (7th Cir. 1995), and the ADEA, *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n. 2 (7th Cir. 1995). Accordingly, we dismiss Darden's claims against Ardurovich and Freese.

As a postscript, we note that Darden sought leave to amend her complaint to add an additional plaintiff and an additional defendant in her answer to the motion to dismiss. All motions, including motions for leave to amend, must be noticed for a hearing. If Darden still desires to amend her complaint, she must follow the Court's procedures for presenting such a motion; only then will we consider the merits of her request.

Dated:   October 19, 2010

**CHARLES P. KOCORAS**
**U.S. District Court Judge**